17-1733-cv
Soomro v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand eighteen.

PRESENT:    ROBERT D. SACK,
            PETER W. HALL,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*
------------------------------------------------------------------------
ASHIQUE SOOMRO,

                    *Plaintiff-Appellant*,


                    v.                                     No. 17-1733-cv

CITY OF NEW YORK, TIMOTHY KRAUS, and JAMES LAMUR,

                    *Defendants-Appellees.*
------------------------------------------------------------------------
For Appellant:              MICHAEL LUMER, Lumer Law Group, New York, New York.

For Appellee:               BARBARA GRAVES-POLLER (Richard Dearing and Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.


Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 10, 2017, is **AFFIRMED**.

Before the Court is a 42 U.S.C. § 1983 action brought by Plaintiff Ashique Soomro ("Plaintiff") against the City of New York and New York City police officers Timothy Kraus ("Officer Kraus") and James Lamur ("Officer Lamur") (collectively, "Defendants"), asserting claims for false arrest, malicious prosecution, denial of a fair trial, and related state law claims. The district court granted summary judgment to Defendants. It ruled that Plaintiff's malicious prosecution claim failed because the arrest and subsequent prosecution were supported by probable cause. The district court also dismissed Plaintiff's fair trial claim on the basis that the prosecution had no burden to prove at trial that Plaintiff intended to injure Officer Kraus and, therefore, Officer Lamur's exaggeration that "half of" Officer Kraus's body was in the vehicle could not influence the jury's verdict. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's decision granting summary judgment. *Fratello v. Archdiocese of N.Y.*, 863 F.3d 190, 198 (2d Cir. 2017). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

2

## I.  Malicious Prosecution

Plaintiff argues that probable cause to prosecute only existed by virtue of Officer Lamur's false statement that "half of" Officer Kraus's body was caught inside the taxi Plaintiff was driving on the day he was arrested.[1]  Without this statement, Plaintiff contends that the New York District Attorney's Office ("NYDA") would have had no basis to infer Plaintiff was aware that Officer Kraus was caught inside his taxi and, in turn, that he intended to interfere with Officer Kraus's duties.

Pursuant to New York Penal Law section 120.05(3), a person is guilty of assault in the second degree when, "[w]ith intent to prevent . . . a traffic enforcement officer . . . from performing a lawful duty . . . he or she causes physical injury to such . . . traffic enforcement officer . . . ." "[A] defendant's intent to injure is irrelevant to the crime of assault in the second degree under Penal Law § 120.05(3)."  *People v. Rojas*, 97 N.Y.2d 32, 40 (2001).  To prevail on a claim for malicious prosecution under both § 1983 and New York law, a plaintiff must demonstrate "(i) the commencement or continuation of a criminal proceeding against [him]; (ii) the termination of the proceeding in [his] favor; (iii) that there was no probable cause for the proceeding; and (iv) that the proceeding was instituted with malice."  *Mitchell v. City of N.Y.*, 841 F.3d 72, 79 (2d Cir.

---

[1] Plaintiff also argues that Judge Cote abused her discretion in revising Judge Swain's prior ruling denying, in part, Defendants' motion for summary judgment.  There was no abuse of discretion. A district court's order "may be revised at any time" before the entry of final judgment.  Fed. R. Civ. P. 54(b).  We have held that a district court does not abuse its discretion by revising a prior ruling if the parties are afforded "notice" and an "opportunity to prepare armed with the knowledge that [the prior ruling is not deemed controlling]."  *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (alteration in original) (internal quotation marks omitted).  Judge Cote informed the parties that she intended to reexamine Judge Swain's prior order, and Judge Cote afforded the parties an opportunity to be heard on this issue.  Furthermore, Judge Cote's decision was necessary to clarify what § 120.05(3) required to support a conviction and, in turn, what facts were necessary to a finding of probable cause.

3

2016) (internal quotation marks omitted). The existence of probable cause is a complete defense to a malicious prosecution claim. *Stansbury v. Wertman*, 721 F.3d 84, 94–95 (2d Cir. 2013). To assess probable cause in the malicious prosecution context, we ask whether the facts objectively support a reasonable belief that a criminal prosecution should be initiated or continued because that prosecution could succeed. *See id.* at 95; *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999).

Examining the incident from an objective perspective, there is a reasonable basis to infer Plaintiff's culpable intent regardless of Officer Lamur's exaggerations and Plaintiff's knowledge that Officer Kraus was caught in the taxi. As Plaintiff approached Officer Kraus and attempted to discharge his passenger in traffic, Officer Kraus ordered Plaintiff not to stop his taxi and to keep moving. Rather than comply, Plaintiff drove eight feet past Officer Kraus, stopped his taxi, and discharged his passenger in a traffic lane. Officer Kraus testified that he then approached Plaintiff's taxi and ordered him to pull over. Officer Lamur testified that he observed Officer Kraus approach Plaintiff's taxi and have a conversation with him. *See* Special App'x at 251–52 ("He is bent over, having a conversation with the driver."). At that point, Plaintiff accelerated quickly, catching Officer Kraus's left arm in the taxi. Officer Lamur saw Officer Kraus being dragged by the taxi, and he heard Officer Kraus screaming, "Stop, stop, stop." *Id.* at 254. Officer Kraus testified that as he was being dragged he "continued yelling for [Plaintiff] to stop the car, stop the car, pull over, stop the car." *Id.* at 229. Officer Kraus further testified that as he was being dragged, Plaintiff was looking at him through the taxi's sideview mirror. These facts support a reasonable inference that Plaintiff intended to interfere with Officer Kraus's duties.

4

Importantly, Plaintiff may not have understood that Officer Kraus was instructing him to pull over or that Officer Kraus was caught in his taxi. Certainly, this would have been Plaintiff's defense at trial if the charges were not dismissed. But "the law of probable cause" does not compel law enforcement to "engage in an essentially speculative inquiry into [a suspect's] potential state of mind." *Garcia v. Does*, 779 F.3d 84, 96 (2d Cir. 2015).

## II.     Fair Trial

Plaintiff argues that the district court should have allowed his fair trial claim to proceed because "[a] jury could readily conclude that [Officer Lamur's] misstatements and fabrications could have influenced the prosecutor to charge [P]laintiff with that particular felony, rather than a lesser charge or misdemeanor, or to not seek bail, or perhaps to decline the prosecution altogether." Appellant's Br. at 45.

"In order to succeed on a claim for a denial of the right to a fair trial against a police officer based on an allegation that the officer falsified information, an arrestee must prove by a preponderance of the evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was *likely* to influence a jury's decision." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279–80 (2d Cir. 2016) (emphasis added). Officer Lamur's description that "half of" Officer Kraus's body was in the taxi was not likely to influence the jury's verdict. Whether "half of" Officer Kraus's body, as opposed to his left arm, was in the taxi is immaterial because the undisputed evidence demonstrated that Officer Kraus was injured as a result of Plaintiff's actions while performing his duties. However characterized, these facts are sufficient to find Plaintiff guilty of assault in the second degree in violation of § 120.05(3).

5

We have considered Plaintiff's remaining arguments on appeal and find them to be without

merit.   We **AFFIRM** the judgment of the district court.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk of Court